IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–00166–RM–KMT

JOHN HIBBS,

    Plaintiff,

v.

RICK MERCER,
CHARISSE UPSHAW,
NICOLE SMITH, and
MISTY ZADE,

    Defendants.

---

**ORDER**

---

Before the court is Defendants' "Motion for Stay." (["Motion"], Doc. No. 17.) No response has been filed to the Motion, and the time to do so has lapsed.[1] For the following reasons, the Motion is GRANTED.

*Pro se* Plaintiff John Hibbs,[2] an inmate in the custody of the Colorado Department of Corrections ["CDOC"] at the Fremont Correctional Facility ["FCF"], brings this lawsuit,

---

[1] Given that Plaintiff is an unrepresented prisoner, Defendants did not have a duty to confer with Plaintiff prior to the filing of this Motion. D.C.COLO.LCivR 7.1(b).

[2] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

pursuant to 42 U.S.C. § 1983, asserting violations of his Eighth Amendment rights by four individual CDOC employees, Defendants Rick Mercer, Charisse Upshaw, Nicole Smith, and Misty Zade. (["Complaint"], Doc. No. 1.) Plaintiff alleges, specifically, that while he was confined at FCF, Defendants "ignore[d] and delay[ed] providing" him with "adequate and timely medical care." (*Id.* at 6.) In the Complaint, Plaintiff requests monetary damages, as well as declaratory relief. (*Id.* at 11.)

On March 23, 2021, Defendants responded to Plaintiff's allegations by filing a motion to dismiss the Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 15.) One week later, on March 29, 2021, Defendants filed the present Motion, asking that discovery in this matter be stayed, pending resolution of the motion to dismiss. (Mot. 1.) Defendants argue that a discovery stay is appropriate in this case because the motion to dismiss invokes qualified immunity as to each of Plaintiff's claims. (*Id.* at 2-3.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No.

06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, Plaintiff has not responded, or otherwise expressed opposition to the present Motion. The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendants insist that "proceeding with discovery on multiple claims against a defendant while there is a pending dispositive motion almost always will constitute a burden on the CDOC Defendants." (Mot. 4.) In making that argument, Defendants stress that they have asserted qualified immunity to each of Plaintiff's claims. (*Id.* at 2-3.) Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (per curiam) (alterations omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). Here, Plaintiff has made no such demonstration.

And, importantly, nearly all of Plaintiff's claims appear to be subject to a qualified immunity defense. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) (explaining that a qualified immunity defense is available only to claims for monetary damages, made against an individual government official, in his or her individual capacity). In this case, Defendants are all alleged to be government officials, and the claims are asserted against each Defendant in his or her individual capacity only. (Compl. 2-4.)

4

Although Plaintiff does request certain declaratory relief,[3] in addition to monetary damages, there is no question that allowing limited discovery to proceed as to those claims would effectively rob Defendants of their qualified immunity defense. Indeed, in this case, it would be particularly difficult to distinguish between discovery related to claims that may be subject to qualified immunity, and those that are not. Specifically, Plaintiff's Eighth Amendment claims for declaratory relief, which would not be subject to qualified immunity, would result in discovery of the same information that would be relevant to his Eighth Amendment claims for monetary damages, which potentially would be subject to qualified immunity. Given that qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation," such a scenario would be inappropriate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Accordingly, the second factor supports the imposition of a stay. *See Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of staying discovery, even though qualified immunity was only applicable as to some of the claims, because "it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward. The fourth factor bears no

---

[3] Specifically, Plaintiff requests "a declaration the defendants violated Plaintiff's rights." (Compl. 11.)

weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving questions of immunity before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Motion for Stay" (Doc. No. 17) is **GRANTED**. Discovery in this matter is **STAYED** pending a ruling on the Motion to Dismiss. Defendants shall file a status report within ten days of a ruling, if any portion of the case remains, to advise whether a Scheduling Conference should be set.

This 28th day of April, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge